**4**

Douglas B. Jacobs, 084153
JACOBS, ANDERSON, POTTER & CHAPLIN
20 Independence Circle
Chico, CA 95973
Phone: 530-342-6144
Fax: 530-342-6310

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ROBIN TERESA MARTIN<br><br>*Debtor.*<br>_____/<br><br>ROBIN TERESA MARTIN<br><br>*Plaintiffs,*<br><br>v.<br><br>CITIFINANCIAL SERVICES, INC.<br><br>*Defendants.* | Case No: 09-25459-E-13C<br><br>Adv. No.<br><br>**COMPLAINT TO DETERMINE VALUE AND EXTENT OF LIEN (NO MONETARY RECOVERY SOUGHT)** |

Come now Plaintiff, Robin Teresa Martin, and alleges as follows:

1. Plaintiff filed an original petition for relief under Chapter 13 of the Bankruptcy Code on March 27, 2009.

2. This adversary proceeding is brought in connection with Plaintiffs' case under Chapter 13 of Title 11, case number 09-25459, now pending before this Court.

3. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 1337. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and (L).

4. In Debtors' bankruptcy schedules, she list a residence commonly known as 41 Monarch Drive, Oroville, CA 95966 with a fair market value of $227,000.

5. There exists a first deed of trust recorded and secured by a promissory note in favor of Taylor, Bean & Whitaker. At the time of filing the debtors case the amount owing to Taylor, Bean & Whitaker was approximately $244,000.

6. With a fair market value of $227,000, there is no equity value in excess of the first deed of trust.

7. Defendants, CitiFinancial Services, Inc. hold a second deed of trust recorded against Debtors' residence purporting to secure a promissory note with an approximate balance of $50,285.

8. As there is no equity value in the Debtors' residence and above the first deed of trust, the deed of trust held by CitiFinancial Services Inc. is wholly unsecured and not secured by the Debtors' residence and has no value.

9. On or about March 27, 2009, CitiFinancial Services Inc. was noticed of the bankruptcy filing by Bankruptcy Noticing Center.

10. On May 14, 2009, the Chapter 13 Trustee conducted and concluded a Meeting of Creditors which the Defendant did not attend.

11. On March 31, 2009, Plaintiff filed a Motion to Value Collateral of CitiFinancial Services Inc., which was heard on May 12, 2009 and granted by this Court. The court concluded that the value of the collateral available to CitiFinancial Services Inc. on its second deed of trust was $0.00 and that $0.00 of their claim secured by the second deed of trust is a secured claim and that the balance of its claim is an unsecured claim.

12. On or about May 29, 2009, Debtors' Plan was confirmed by the Court.

13. On January 11, 2012 the trustee filed a Notice of Filed Claims, which included claim #1-1, a proof of claim filed by CitiFinancial Services Inc.

14. The Final Report and Accounting was filed by the Trustee on June 13, 2012.

15. On or about August 15, 2012, counsel for debtors notified Defendant that the debtors' case was paid in full and set to be discharged. To date there has been no response from the creditor.

16. Included in the debts discharged is the claim of CitiFinancial.

17. On or about July 27, 2012 Debtors filed a Motion for Discharge pursuant to 11 U.S.C. §1328.

18. On October 1, 2012, the Debtors Discharged was granted by this court.

19. On October 1, 2012 this court noticed all creditors of the Discharge of the Debtor after Completion of Chapter 13 Plan.

20. Pursuant to California Civil Code 2941 (a), thirty (30) days having passed after the satisfaction of the mortgage by discharge in case 09-25459, CitiFinancial Services Inc. has failed to execute a certificate of the discharge thereof, as provided in Section 2939, nor has recorded or caused to be recorded, in Butte County Recorder.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court issue an Order finding the deed of trust recorded by CitiFinancial to be an unsecured lien and therefore to be treated as an unsecured claim that was discharged in the completed Chapter 13 case,

2. That the Court issue an Order finding that the deed of trust recorded by CitiFinancial has no further force and effect as a secured lien against the Debtors' residential real property;

Case 12-02596    Filed 10/04/12    Doc 1

3. That pursuant to C.C.C. 2941 (b)(2), seventy-five (75) days having passed, CitiFinancial Services Inc. having failed to execute, record or cause to be recorded, the full reconveyance thereby authorizes this Court, pursuant to § 2934 (a) to execute and acknowledge a substitution of Trustee and issuance of a full reconveyance, thereby authorizing a title insurance company to prepare and record a release of the obligation.

4. That the Court order attorney fees and costs in bringing this action;

5. That Debtors have such other and further relief as may be deemed just.

Respectfully Submitted,

Dated: October 3, 2012

Jacobs, Anderson, Potter & Chaplin

By: _____
Douglas B. Jacobs, attorney for Debtor