

FILED

APR 1 0 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 09-25459-E-13 |
| | ) |
| ROBIN TERESA MARTIN, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | |
| ROBIN TERESA MARTIN, | ) Adv. Pro. No. 12-2596 |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CITIFINANCIAL SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM OPINION AND DECISION**

On October 4, 2012, Robin Teresa Martin ("Plaintiff") commenced this Adversary Proceeding for a determination that the lien, encumbrance, and interest asserted by CitiFinancial Services, Inc. ("Defendant"), in real property commonly known as 41 Monarch Drive, Oroville, California (the "Property") pursuant to a deed of trust ("Deed of Trust") are void and of no force and effect. The default of Defendant was entered on December 12, 2012.[1] As ordered by the court, Plaintiff filed and served the present motion for entry of a default judgment.

_____

[1] Dckt. 13.

1    Defendant filed a proof of claim on May 1, 2009 ("Proof of

2  Claim"), asserting that its claim in the amount of $52,294.71 was

3  secured by the Property pursuant to a Deed of Trust ("Secured

4  Claim").[2]  A copy of the Deed of Trust, bearing a recording date of

5  May 7, 2008, Document No. 2008-17334, with the County Recorder for

6  the County of Butte, California, is attached to the Proof of Claim.

7    In her Chapter 13 bankruptcy case, the Plaintiff filed a

8  motion for the court to determine the value of Defendant's Secured

9  Claim pursuant to 11 U.S.C. § 506(a).  On August 27, 2009, the

10  court issued an order determining that the Defendant's Secured

11  Claim has a value of $0.00, with the balance constituting

12  Defendant's general unsecured claim ("Unsecured Claim") which is

13  paid as provided in the Plaintiff's confirmed Chapter 13 Plan.[3]

14    The court issued an order confirming Plaintiff's Chapter 13

15  Plan in her bankruptcy case on May 29, 2009.[4]  The confirmed

16  Chapter 13 Plan provides for the payment of $0.00 for Defendant's

17  Secured Claim (the valued determined by the court pursuant to

18  11 U.S.C. § 506(a)) as a Class 2 Secured Claim.  Defendant's

19  Unsecured Claim is provided for in the Chapter 13 Plan to be paid

20  as a Class 7 general unsecured claim.[5]  The Plaintiff completed her

21  Chapter 13 Plan and the court granted the Plaintiff a discharge on

22

23

24
        [2]  Proof of Claim No. 1, Bankr. E.D. Cal. 09-25495.
25
        [3]  Civil Minutes and August 27, 2009 Order, Bankr. E.D. Cal.
26  09-25459 Dckts. 17, 24.

27      [4]  Confirmation Order, Bankr. E.D. Cal. 09-25459 Dckt. 21.

28      [5]  Chapter 13 Plan, Bankr. E.D. Cal. 09-25459 Dckt. 5.

October 1, 2012.[6]

**LIEN IS TERMINATED AND RENDERED VOID BY COMPLETION OF CHAPTER 13 PLAN AND PAYMENT OF SECURED CLAIM IN AMOUNT DETERMINED BY COURT PURSUANT TO 11 U.S.C. § 506(a)**

Jurisdiction for this Adversary Proceeding exists pursuant to 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District. E.D. Cal. Gen Order 182, 223. This Adversary Proceeding is a core matter arising under Title 11, including 11 U.S.C. §§ 506(a) and (d), 524, 541 1325, 1326, 1327, and 1328. 28 U.S.C. § 157(b)(2)(A), (B), (K), (L), and (O). Proper service of the Summons and Complaint, Request for Entry of Default, Entry of Default, and Motion for Entry of Summary Judgment have been provided. No objection has been made by the Defendant to any proceedings before this court in this Adversary Proceeding or the bankruptcy case, including the determination of the value of its Secured Claim or confirmation of the Chapter 13 Plan providing for Defendant's Secured Claim and Unsecured Claim.

Plaintiff requests that the court determine that the Defendant's Deed of Trust is of no force and effect, and does not encumber the Property. This request is commonly called a "quiet-title action" to settle and determine conflicting claims to property, which results in a decree to each party as to their respective interests in the subject property. 53 CALIFORNIA JURISPRUDENCE: QUIETING TITLE § 1 (Leslie Larsen ed. 3rd ed.). Pursuant to California Code of Civil Procedure Section 760.020, an action may be brought to "establish title against adverse claims to real

---

[6] Notice of Completed Plan Payments and Discharge, Bankr. E.D. Cal. 09-25459 Dckts. 50, 55.

1  or personal property or any interest therein." Civil Procedure

2  Section 760.030(b) provides, "[i]n an action or proceeding in which

3  establishing or quieting title to property is in issue the court in

4  its discretion may, upon motion of any party, require that the

5  issue be resolved pursuant to the provisions of this chapter."

6  This determination is necessary as part of the federal bankruptcy

7  claims process and to give effect to the completed confirmed

8  Chapter 13 Plan and Order confirming the Plan.   Federal Rule of

9  Civil Procedure 70 and Federal Rule of Bankruptcy Procedure 7070

10 provide for the bankruptcy court to issue judgments and orders

11 divesting and vesting title to property.

12 **Effect of Completed Chapter 13 Plan**

13     The confirmation of a Chapter 13 Plan modifies the rights and

14 obligations in the bankruptcy debtor-creditor relationship.  For a

15 creditor holding a secured claim, the claim is determined and

16 provided for in the bankruptcy plan in the following manner.

17 First, pursuant to 11 U.S.C. § 506(a), the court determines which

18 portion of the claim is the creditor's secured claim and what

19 portion is that creditor's unsecured claim.  As a matter of federal

20 bankruptcy law, a creditor's allowed claim is a secured claim only

21 to the extent that there is value in the collateral which secures

22 the claim,

23         (a)(1) An allowed claim of a creditor...is a secured
           claim to the extent of the value of such creditor's
24         interest in the estate's interest in [the property
           securing the claim],... and an unsecured claim to the
25         extent that the value of such creditor's interest...is
           less than the amount of such allowed claim.
26

27 11 U.S.C. § 506(a).  As provided in this statute, the balance of

28 the allowed claim is an unsecured claim of that creditor in the

1  bankruptcy case.[7]

2      Second, the debtor must have a confirmed Chapter 13 Plan that

3  provides for both the secured and unsecured claims of that

4  creditor.   Pursuant to 11 U.S.C. § 1327, the provisions of the

5  confirmed plan bind the debtor and each creditor.   It is the

6  Chapter 13 Plan, by which the debtor commits him or herself, which

7  becomes the modified contract between the debtor and creditors.

8  *Hillis Motors v. Hawaii Automobile Dealers' Association (In re*

9  *Hillis Motors)*, 997 F.2d 581, 588 (9th Cir. 1993) (A confirmed

10  reorganization plan resembles a consent decree and should be

11  construed basically as a contract); *Max Recovery v. Than (In re*

12  *Than)*, 215 B.R. 430, 435 (9th Cir. B.A.P. 1997). ("Another way of

13  looking at the binding effect of confirmation is that the plan is

14  a contract between the debtor and the debtor's creditors.")   The

15  order confirming a Chapter 13 plan, upon becoming final, represents

16  a binding determination of the rights and liabilities of the

17  parties as specified by the plan. 8 COLLIER ON BANKRUPTCY ¶ 1327.02

18  (Alan N. Resnick & Henry J. Sommer eds. 16th ed.); *Trulis v.*

19  *Barton*, 107 F.3d 685, 691 (9th Cir. 1995)(Confirmed plan is binding

20  on all parties and entitled to *res judicata* effect).

21      Third, the debtor pays the full amount of the secured claim as

22  determined pursuant to 11 U.S.C. § 506(a) through the terms of the

23

24      [7]  This highlights a significant difference in how debts are
25  addressed under state law and the Bankruptcy Code.   State law commonly
   defines debts based on the creditor, referring to someone being a
26  "secured creditor" (if there is some collateral to secure the debt)
   and an "unsecured creditor" (if there is no collateral to secure the
27  debt).   However, under the Bankruptcy Code there are just "creditors."
   A creditor may have a priority claim, a secured claim, an unsecured
28  claim, or that one creditor may have a combination of multiple claims
   arising out of one original obligation.

confirmed plan.    Upon completion of the Chapter 13 Plan which provides for the § 506(a) determined secured claim, there is no remaining obligation secured by the lien.

Fourth, the debtor demands reconveyance of the deed of trust or release of the lien, for which no obligation remains to be paid after completion of the Chapter 13 Plan, pursuant to the terms of the underlying note, deed of trust, security instrument, applicable non-bankruptcy law, or 11 U.S.C. § 506(d).[8]

While this process is commonly referred to as a "lien strip," such is not a completely accurate statement of the legal effect of the confirmed and completed Chapter 13 plan, the Bankruptcy Code, orders of the bankruptcy court, and operation of California state law.    Neither the § 506(a) valuation nor confirmation of the bankruptcy plan by the court removes or "strips" the lien from the property.    Rather, upon the completion of the Chapter 13 plan and payment of the value of the secured claim determined as a matter of federal law under the Bankruptcy Code, there is no obligation remaining to be secured by the lien.

A mortgage (as a lien on real property) does not itself bind the person giving the mortgage to perform the act which is secured.

---

[8]    11 U.S.C. § 506(d) provides that a lien is void to the extent that there is not an allowed secured claim,

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless-

> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

negligible

Cal. Civil. Code § 2928.   A deed of trust, which provides real property security for an obligation, is substantially treated as mortgage with a power of sale.   *Bank of Italy National Trust & Savings Association v. Bentley*, 217 Cal 644, 657 (1933), *cert. denied* 290 U.S. 659.

A lien or security interest cannot exist without an underlying obligation to be secured.   *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1235 (1995).   The lien or security interest, as accessory to the debt it secures, does not have any additional, independent validity once there is no longer an obligation to be secured. *See* 4 WITKIN SUMMARY OF CALIFORNIA LAW, TENTH EDITION, § 47. California Civil Code § 2909 provides that a lien is "[d]eemed accessory to the act for the performance of which it is a security..."

This fundamental requirement that a valid, enforceable lien is dependent on an obligation to be secured is not a new legal principle.   In *Coon v. Shry*, 209 Cal. 612, 615 (1930), the California Supreme Court stated,

> It is well settled in California that a mortgage or mortgage lien is a mere incident of the debt or obligation which it is given to secure. (Cal. Civ. Code, sec. 2909; 17 Cal. Jur. 710, sec. 27, and cases cited in footnote 11.)   There cannot be a mortgage if there is no debt or other obligation to be secured. (*Holmes v. Warren*, 145 Cal. 457, 463; *Todd v. Todd*, 164 Cal. 255, 258; *Ahern v. McCarthy*, 107 Cal. 382, 386.)   A mortgage in California has no existence independent of the thing secured by it. (*Estate of Fair*, 128 Cal. 607, 613; *People v. Eastman*, 25 Cal. 601, 603.)   As distinguished from the debt the mortgage has no determinate value. (*Nagle v. Macy*, 9 Cal. 426.)

This basic principle was simply restated by the California Court of Appeal in *First American Title Insurance Company v. XWarehouse Lending Corp.*, 177 Cal. App. 4th 106, 116 (2009), as, "Unless there

1  is an existing indebtedness between the named borrower and lender
2  the mortgage has no existence."

3      As a matter of California law, once an obligation no longer
4  exists to be secured by the lien, the lien is void.  A trustor or
5  mortgagor, such as the Plaintiff, who gave the lien to secure an
6  obligation which no longer exists, is entitled to a certificate of
7  discharge, the mortgage cancelled or satisfied as of record, and
8  the deed of trust reconveyed.[9]

9      The contract embodied in the confirmed Chapter 13 Plan, fully
10  performed upon completion of the Chapter 13 Plan, permanently fixes
11  the value of Defendant's Secured Claim at $0.00, resulting in the
12  Defendant having no secured claim.  Federal law having determined
13  the value of the secured claim and completion of the confirmed
14  Chapter 13 Plan establishing that no obligation remaining to be
15  secured by the Deed of Trust, Defendant is required under the terms
16  of the note, Deed of Trust, and applicable state law to reconvey
17  the Deed of Trust.

18  **Defendant's Lien is Void by Operation of Federal Law**

19      In addition to state law, 11 U.S.C. § 506(d) provides that to
20  the extent a claim against the debtor is not an "allowed secured
21  claim," such lien securing the claim is void.  The Supreme Court
22  has determined that this provision does not work to void a lien in
23  a Chapter 7 liquidation.  *Dewsnup v. Timm*, 502 U.S. 410, 416
24  (1992).  In concluding that § 506(d) would not apply to a Chapter 7

25

26      [9]  4 WITKIN SUMMARY OF CALIFORNIA LAW, TENTH EDITION, § 117, citing
     California Civil Code § 2939 et seq.; Rest.3d, Property
27  (Mortgages) § 6.4; 4 Powell § 37.33; C.E.B., 2 Mortgage and Deed
     of Trust Practice 3d, § 8.84; and 13 Am.Jur. Legal Forms 2d,
28  § 179:511.

case, the Supreme Court considered the long history under the
bankruptcy laws by which a bankruptcy discharge did not impair a
creditor's lien.    However, the Supreme Court noted that
reorganizations under the Bankruptcy Act permitted the involuntary
reduction of the amount of a creditor's lien for reason other than
payment of the debt.  *Id.*, citing 11 U.S.C. §§ 616(1) and (10) of
Bankruptcy Act.

The Ninth Circuit Court of Appeals addressed the issue of
determining a creditor's secured and unsecured claims pursuant to
11 U.S.C. § 506(a) in the context of a Chapter 13 case in *Zimmer v.
PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002).
At issue was whether the anti-modification provisions of 11 U.S.C.
§ 1322(b)(2) precluded a valuation of a creditor's secured claim
for which there was no value in the collateral (the senior lien
exhausting the value of the collateral).[10]  In *Zimmer*, the creditor
argued that notwithstanding there being no value in the collateral
to secure its claim, it held a claim secured only by the debtor's
residence.  Therefore, it was asserted that the claim could not be
valued at $0.00 since it could not be modified in the Chapter 13
case. *Id.* at 1222.

Building from the foundation of the Supreme Court's holding in

---

[10]  The anti-modification provision of 11 U.S.C. § 1322(b)(2)
state,

(b) Subject to subsections (a) and (c) of this section, the
plan may- ...

(2) modify the rights of holders of secured claims, other
than a claim secured only by a security interest in real
property that is the debtor's principal residence, or of
holders of unsecured claims, or leave unaffected the rights
of holders of any class of claims;....

*Nobelman v. American Saving Bank (In re Nobelman)*, 968 F.2d 483, 488 (5th Cir. 1992),[11] the Ninth Circuit Court of Appeals concluded that the creditor was not a "holder of a secured claim" merely because it held a claim secured by collateral for which there was no value for that creditor's junior lien. *Zimmer*, 313 F.3d at 1223. The court explained the term "holder of a claim secured only by a security interest..." is not the same as the term "secured claim," noting that the latter is a term of art used under the Bankruptcy Code.

> Section 506(a) divides creditors' claims into "secured claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property...
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

*Id.*

The Ninth Circuit concluded that the use of a bankruptcy plan to avoid a creditor's lien for a claim which is wholly unsecured is consistent with the Supreme Court's holding in *Nobelman*, giving

---

[11]  In *Nobelman*, the Supreme Court determined that the anti-modification provision of § 1322(b)(2) precluded the debtor from obtaining a § 506(a) valuation of the creditor's claim and providing for the secured claim only in an amount equal to the value in the property securing the claim.

effect to both § 1322(b)(2) and § 506(a) of the Bankruptcy Code.[12] The Bankruptcy Appellate Panel for the Ninth Circuit in *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 40 (B.A.P. 9th Cir. 1997)[13] previously held that the *Nobleman* Supreme Court decision did not apply to holders of totally unsecured claims.[14]

---

[12]   This application of § 1322(b) and § 506(a) to bifurcate a creditor's claim and provide for payment of the § 506(a) secured and unsecured portions through the Chapter 13 Plan is followed by the majority of courts addressing this issue.   *See, Eastern Savings Bank, FSB v. LaFata (In re LaFata)*, 483 F.3d 13 (1st Cir. 2007), *Lane v. Western Interstate Bancorp. (In re Lane)*, 280 F.3d 663 (6th Cir. 2002); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2d Cir. 2001); *Tanner v. FirstPlus Financial, Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000); *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277 (5th Cir. 2000); *McDonald v. Master Financial, Inc. (In re McDonald)*, 205 F.3d 606 (3d Cir. 2000); *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011); *First Mariner Bank v. Johnson (In re Johnson)*, 411 B.R. 221 (DC Md 2009), *affrm. First Mariner Bank v. Johnson (In re Johnson)*, 2011 U.S. App. LEXIS 402 (4th Cir. 2011);  *Griffey v. U.S. Bank (In re Griffey)*, 335 B.R. 166 (B.A.P. 10th Cir. 2005) (affirmed for reasons stated in the district court ruling); *Domestic Bank v. Mann (In re Mann)*, 249 B.R. 831 (B.A.P. 1st Cir. 2000); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36 (B.A.P. 9th Cir. 1997).

[13]   Appeal dismissed on other grounds without consideration of the merits of the Bankruptcy Appellate Panel's holding. *See* 192 F.3d 1309, 1311 (9th Cir. 1999).

[14]   The Ninth Circuit Bankruptcy Appellate Panel stated that the *Nobelman* decision prohibiting the removal of a partially unsecured claim is decidedly different from requiring a chapter 13 debtor to continue to pay the mortgage contract when the mortgage lien attaches to nothing and the lien ceases to be a secured claim.   The court stated that an analysis of the state law "rights" afforded a holder of an unsecured "lien," if such a situation exists, indicates these rights are empty rights from a practical, if not a legal, standpoint. *Id.* at 40.   For instance, a forced sale of the property would not result in any financial return to the lienholder, even if a forced sale could be accomplished where the lien attaches to nothing.   *Id.* The court stated "[n]othing secures the "right" of the lienholder to continue to receive monthly installment payments, to retain the lien until the debt is paid off, or the right to accelerate the loan upon default, if there is no security available to the lienholder to foreclose on in the event the debtor fails to fulfill the contract payment obligations."   *See also In re Williams*, 161 B.R. 27, 29-30 (Bankr. E.D. Ky. 1993)(stating that Nobelman's reference to section 506(a) is "meaningless unless some portion of the claim be secured

1    In the Plaintiff's bankruptcy case this court determined that
2    the value of the creditor's interest in the estate's interest in
3    the Property was $0.00.[15]   The order determining the Defendant's
4    secured claim is a final and non-appealable order.   The Plan having
5    been completed, there only remains (after resolution of this
6    Adversary Proceeding) the closing of the case by the Clerk of the
7    Court.

8    The confirmed Chapter 13 Plan, embodying the modified
9    "contract" between Plaintiff and Defendant, as permitted by
10   11 U.S.C. § 1322(b)(2), has been fully performed by the Plaintiff.
11   The confirmed Chapter 13 Plan being binding on the Plaintiff and
12   Defendant as provided in 11 U.S.C. § 1327(a), this results in
13   Defendant's Secured Claim determined pursuant to 11 U.S.C. § 506(a)
14   to be permanently fixed as a $0.00 obligation.[16]   This Secured Claim
15   having no value, Defendant does not have an allowed secured claim
16   as that term is defined in 11 U.S.C. § 506(d).   The Confirmed Plan
17   having been completed, fixing the modified rights and obligations,
18   and the Defendant having no allowed secured claim, Defendant's lien

19
20

21   under § 506(a) analysis before the creditor is entitled to retain the
22   rights it has under state law").

23   [15] Civil Minutes and Order, Dckts. 17, and 25, Bankr. E.D. Cal.
      09-25459.

24   [16] Prior to completing the Chapter 13 Plan, a debtor could
25   default on the terms of the plan and breach the modified contract.   In
     such situations a debtor may modify the plan, if possible, or the case
26   is dismissed.   If dismissed, then there is no payment of a secured
     claim through the plan.   Additionally, 11 U.S.C. § 349(b)(1)(C)
27   provides that unless the court orders otherwise, any lien voided
     pursuant to § 506(d) is reinstated.   By the time a plan is completed,
28   very few, if any, grounds exist by which a Chapter 13 case could be
     dismissed pursuant to 11 U.S.C. § 1307.

against the Property is void by operation of 11 U.S.C. § 506(d).[17]

**Requirement for Creditor to Reconvey Deed of Trust**

California Civil Code § 2941(b)(1) imposes an affirmative obligation on the beneficiary (creditor) when the obligation secured by the deed of trust has been satisfied. When no obligation remains, the beneficiary must instruct the trustee under the deed of trust to issue a full reconveyance of the deed of trust. As addressed above, once the obligation no longer exists, resulting in the lien being extinguished by operation of law, the trustor or mortgagor (debtor) is entitled to a certificate of discharge, the mortgage cancelled or satisfied as of record, and the deed of trust reconveyed. *See supra* footnote 9.

In addition to this statutory obligation to have the deed of trust reconveyed, the standard form deeds of trust, used by the Defendant and other institutional lenders, include a provision requiring the deed of trust to be reconveyed upon satisfaction of the obligation secured by the deed of trust. Paragraph 20 of the Deed of Trust provides that Defendant shall reconvey the Deed of Trust upon payment of the sums secured by the Deed of Trust. Proof of Claim No. 1 Attachment Bankr. E.D. Cal. 09-25459. The fixing of the Secured Claim to be $0.00 by the completion of the Chapter 13 Plan, there remain no sums secured by the Deed of Trust to be paid.

The Deed of Trust, Paragraph 7, also provides for attorneys'

---

[17] Neither of the two exceptions specified by Congress in 11 U.S.C. § 506(d)(1) and (2) are applicable. Additionally, no motion to dismiss or other basis for dismissal of the bankruptcy case has been presented to the court. Therefore, the provision of 11 U.S.C. § 349((b)(1)(C) allowing for the reinstatement of a lien avoided by § 506(d) is not applicable to this matter now before the court.

fees and costs to be paid by Plaintiff in the event of a default under the Deed of Trust or obligation which the Deed of Trust secures. Defendant did not provide a copy of the note which is secured by the Deed of Trust as an attachment to its Proof of Claim.   It is likely that the note contains a similar attorneys' fee provision, as such is common in institutional promissory notes. Pursuant to California Civil Code § 1717, Plaintiff is entitled to enforce a right to recover attorneys' fees and expenses for Defendant's defaults under the Deed of Trust and obligation it secures.

### ENTRY OF DEFAULT JUDGMENT PROPER

Even when a party has failed to respond to a complaint and its default has been entered, a plaintiff is not entitled to a default judgment as a matter of right.   10 *Moore's Federal Practice - Civil,* ¶ 55.31 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.).   Entry of a default judgment is within the discretion of the court.   *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Default judgments are not favored, as the judicial process prefers determining cases on their merits whenever reasonably possible. *Id.* at 1472.   Factors which the court may consider in exercising its discretion include:

(1)   the possibility of prejudice to the plaintiff,

(2)   the merits of plaintiff's substantive claim,

(3)   the sufficiency of the complaint,

(4)   the sum of money at stake in the action,

(5)   the possibility of a dispute concerning material facts,

///

///

(6)  whether the default was due to excusable neglect, and

(7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72 (citing 6 *Moore's Federal Practice - Civil,* ¶ 55-05[s], at 55-24 to 55-26).  In determining whether to exercise its discretion, courts also consider the factors traditionally used to determine whether a default judgment should be set aside: (a) whether the default was willful or culpable; (b) whether granting relief from the default would prejudice the opposing party; and (c) whether the defaulting party has a meritorious defense. *Id.*

Applying these factors, the court finds that the Plaintiff will be prejudiced if the second deed of trust is not reconveyed, or the court does not enter judgment determining the Deed of Trust is void and the property held free of such purported interests thereunder.  The continued existence of record of the Deed of Trust will cloud title and restrict Plaintiff's full and unfettered use of her real property and her interests therein.

The court finds that the Complaint is sufficient and the requests for relief requested therein are meritorious.  It has not been shown to the court there is or may be any dispute concerning material facts.  Defendant CitiFinancial Services, Inc. has not contested any facts in this Adversary Proceeding, nor did it dispute facts presented in the Plaintiff's bankruptcy case regarding the motion to value Defendant's secured claim to have a value of $0.00 or confirmation of the Chapter 13 Plan.  Further, there is no evidence of excusable neglect by the Defendant. Although the Federal Rules of Civil Procedure favor decisions on

the merits through the crucible of litigation, Defendant has been given several opportunities to respond and there is no indication that Defendant has a meritorious defense or disputes Plaintiff's right to judgment in this Adversary Proceeding. Failing to fulfill one's contractual and statutory obligations, and then failing to respond to judicial process, is not a basis for denying relief to an aggrieved plaintiff.

The court finds that it is necessary and proper for the entry of a default judgment against the Defendant.

## CONCLUSION

Upon consideration of the Complaint, Motion for Entry of a Default Judgment, and evidence presented, the court finds that relief as requested in the Complaint to quiet title to the real property commonly known as 41 Monarch Drive, Oroville, California, and reconveyance the second deed of trust to Plaintiff is necessary and proper. The court finds that Robin Teresa Martin, the Plaintiff, is entitled to judgment quieting title, determining that the Deed of Trust recorded on May 7, 2008, with the County Recorder for Butte County, California, Document No. 2008-0017334, and any interest, lien or encumbrance pursuant thereto, against the real property commonly known as 41 Monarch Drive, Oroville, California, is void, unenforceable, and of no force and effect. Further, that CitiFinancial Services, Inc., the Defendant, has no interest in said Property.

The Motion for Entry of Default Judgment is granted and judgment shall be entered for Plaintiff consistent with this decision that Defendant's Deed of Trust is void and Defendant has no interest in the Property. Plaintiff shall file a bill of costs

and motion for attorneys' fees and expenses, if any, on or before
**April 26, 2013**.[18]  The court shall issue an order consistent with
this Decision.

This Memorandum Opinion and Decision constitutes the court's
findings of fact and conclusions of law pursuant to Federal Rule of
Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

Dated: April *10* , 2013

RONALD H. SARGIS, Judge
United States Bankruptcy Court

---

[18]   The court is gravely concerned with Defendant's failure to
respond to Plaintiff's requests to reconvey the Deed of Trust after
completion of the Chapter 13 Plan.  While of minimal cost and expense
to Defendant to comply with its contractual and statutory obligations
to reconvey the Deed of Trust and clear title for the consumer
Plaintiff, it has failed to fulfill its contractual and statutory
obligations.  This places an unreasonable and unnecessary burden on
the average consumer debtor.  Most benignly, one could assume that
such a creditor is merely trying to save a few pennies by making the
consumer bear the cost of clearing title.  For those with a more
sinister bent, one could think that such creditors are attempting to
slander title to the consumer's property to try and leverage an
unwarranted payment later to release the void lien as of record.

A consumer debtor and the court do not serve as a "for free title
department" processing reconveyances for a creditor.  Prevailing
plaintiffs may seek recovery of their attorneys' fees and expenses, as
this Plaintiff has, for the reasonable attorneys' fees and costs to
clear a cloud on title following completion of a confirmed Chapter 13
Plan.  Such litigation requires an experienced, sophisticated attorney
who understands the interplay between state real property law and
federal bankruptcy law to effectively prosecute an action to enforce
the Plaintiff's rights obtained through completion of the Chapter 13
Plan.  Such attorneys' fees are not inexpensive, as the Plaintiff must
go through multiple steps in not only filing and properly serving the
Complaint, and having the default entered, but prosecuting a motion
providing the court with the sufficient legal and evidentiary basis
for entry of a judgment in the litigation.

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Douglas Jacobs
20 Independence Cir
Chico, CA 95973

Robin Martin
41 Monarch Ct
Oroville, CA 95966

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

CitiFinancial Services, Inc.
Attn: Agent for Service of Process
2485 Notre Dame Blvd., Ste. 200
Chico, CA 95928

CitiFinancial Services, Inc.
Attn: Agent for Service of Process
300 St. Paul Place
Baltimore, MD 21202

CitiFinancial Services, Inc.
Attn: Agent for Service of Process
P.O. Box 70919
Charlotte, NC 28272-0919

CT Corporation System
Attn: Agent for Service of Process
 for CitiFinancial Services, Inc.
818 West Seventh St.
Los Angeles, CA 90017

DATE:
    4/10/13

_Elizabeth Argento_
Deputy Clerk

Elizabeth Argento